NICHOLAS J. BOOS (SBN 16047)
nboos@maynardcooper.com
MAYNARD NEXSEN LLP
Two Embarcadero Center, Suite 1450
San Francisco, California 94111
Telephone:    (415) 646-4700
Facsimile:    (205) 254-1999

Attorneys for Defendant
LIBERTY MUTUAL INSURANCE COMPANY

Designation for Service Only:
Kristol Bradley Ginapp, (SBN 8468)
Holley Driggs
300 S. 4th Street, Suite 1600
Las Vegas, Nevada 89101
kginapp@nevadafirm.com

DANIEL M. DASTRUP, ESQ.
Nevada Bar No.: 13677
BOYACK LAW GROUP
1707 Village Center Circle, Suite 100
Las Vegas, Nevada 89134
Phone: (702) 744-7474
Fax: (702) 623-4746
Danny@BoyackLawGroup.com

Attorneys for Plaintiff
MICHAEL FRANCIS

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| MICHAEL FRANCIS; individually, | Case No. 2:22-cv-02082-ART-NJK |
| Plaintiff, | **JOINT MOTION FOR EXTENSION OF TIME** |
| v. | |
| LIBERTY MUTUAL INSURANCE COMPANY dba PEERLESS INDEMNITY INSURANCE COMPANY a LIBERTY MUTUAL INSURANCE COMPANY, and DOES I through X, inclusive, | |
| Defendants. | |

{06911097.1}

# JOINT MOTION FOR EXTENSION OF TIME

Pursuant to Rule 16(b)(4) of the Federal Rules of Civil Procedure and Local Rule 26-3, Defendant Liberty Mutual Insurance Company ("Defendant") and Plaintiff Michael Francis ("Plaintiff") (collectively, Defendant and Plaintiff are referred to as "the Parties") jointly move the Court for an order extending certain discovery-related deadlines—unrelated to hearings, dispositive motions, or trial filings with the Court—by less than 30 days. This is the second motion to extend the deadlines at issue. *See* ECF No. 11. In support thereof, the Parties state as follows:

## MEMORANDUM OF POINTS AND AUTHORITIES

Though the Parties have engaged in written and document discovery to date, the Parties have agreed and respectfully submit that good cause exists to extend the expert discovery deadlines and final discovery cutoff deadline set by this Court by less than 30 days. The Parties require a brief extension to finalize their experts' reports, exchange them, and conduct the necessary depositions of those experts. This extension will not impact any deadlines for hearings, dispositive motions, or trial filings with the Court.

### I.  LEGAL STANDARDS

"A request to extend deadlines in the Court's scheduling order must be supported by a showing of good cause for the extension." *Victor v. Walmart, Inc.*, No. 220CV01591JCMNJK, 2021 WL 3745190, at *2 (D. Nev. Apr. 8, 2021). The "good cause" standard applies under both Federal Rule of Civil Procedure 16(b) and Local Rule 26-3. *Id*. at n. 3. "'Good cause' is a non-rigorous standard . . . ." *Choate v. Nevada Att'y Gen.*, No. 216CV00813RFBGWF, 2021 WL 230048, at *1 (D. Nev. Jan. 22, 2021) (quoting *Ahanchian v. Xenon Pictures, Inc.*, 624 F.3d 1253, 1259 (9th Cir. 2010)). "Good cause to extend a discovery deadline exists 'if it cannot reasonably be met despite the diligence of the party seeking the extension.'" *Victor*, 2021 WL 3745190, at *2 (quoting *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 608 (9th Cir. 1992)). "The good cause inquiry focuses primarily on the movant's diligence." *Fields v. Williams*, No. 217CV01725JADNJK, 2019 WL 1472100, at *1 (D. Nev. Apr. 3, 2019) (citing *Coleman v. Quaker Oats Co.*, 232 F.3d 1271, 1294–95 (9th Cir. 2000)); *see also Choate*, 2021 WL 230048,

at *1.

Local Rule 26-3 requires that a motion or stipulation to extend deadlines also include:

(a) A statement specifying the discovery completed;

(b) A specific description of the discovery that remains to be completed;

(c) The reasons why the deadline was not satisfied or the remaining discovery was not completed within the time limits set by the discovery plan; and

(d) A proposed schedule for completing all remaining discovery.

## II. ARGUMENT

### A. Discovery Completed

The following discovery has occurred:

- Initial Disclosures;
- Defendant has propounded Requests for Production upon Plaintiff;
- Defendant has propounded Interrogatories upon Plaintiff;
- Plaintiff has responded to Defendant's Requests for Production;
- Plaintiff has responded to Defendant's Interrogatories;
- Plaintiff has produced documents approximately 700 pages of documents;
- Defendant has produced approximately 2,800 pages of documents;
- Defendant has engaged expert witnesses.

### B. Discovery That Remains To Be Completed

The remaining items of discovery still need to be completed:

- Exchange of expert reports;
- Depositions of experts;
- Deposition of Plaintiff;
- Deposition of Defendant's employees and representative(s);
- Depositions of Plaintiff's medical providers.

### C. Reasons An Extension Is Needed

Despite the discovery conducted thus far, the Parties respectfully submit that the deadlines should be modified, and that good cause exists to do so. This Court previously granted the

Parties' motion for extension based on Plaintiff's continuing treatment for his alleged injuries, and Plaintiff's provision of new records reflecting additional treatment. *See* ECF Nos. 11, 12. Plaintiffs' continuing treatment led to the production of additional documents and information, which—in turn—will have an impact on the expert testimony at issue in this case. Defendant has engaged multiple experts but the Parties have agreed that additional time is needed for their experts to finalize their reports.

This extension will have no impact on dispositive motion filings, hearings, trial filings, or the trial date. All of those dates will remain intact in line with the Court's prior order. "The discovery process in theory should be cooperative and largely unsupervised by the district court." *ProCare Hospice of Nevada, LLC v. OneCare Hospice, LLC*, 340 F.R.D. 174, 176 (D. Nev. 2021) (quoting *Sali v. Corona Reg. Med. Ctr.*, 884 F.3d 1218, 1219 (9th Cir. 2018)). The Parties have cooperatively agreed that additional time for expert discovery—and the concomitant depositions—is needed based on the continuing treatment and nature of Plaintiff's alleged injuries. The extension sought here fosters the cooperative nature of discovery while leaving deadlines which require Court involvement unaffected. The Parties respectfully submit that good cause exists to extend the expert disclosure and discovery deadlines by less than 30 days.

### D. Proposed Schedule

The Parties propose the following revised schedule:

| Event | Current Deadline | Proposed New Deadline |
|---|---|---|
| Expert Disclosures | July 17, 2023 | August 16, 2023 |
| Rebuttal Expert Disclosures | August 15, 2023 | September 14, 2023 |
| Discovery Cut-Off Date | September 12, 2023 | September 29, 2023 |
| Dispositive Motion Deadline | October 12, 2023 | October 12, 2023 |
| Pretrial Order Deadline | November 13, 2023 | November 13, 2023 |

### III. CONCLUSION

For the reasons stated above, the Parties respectfully request the Court enter an order

1  extending certain deadlines currently set by the Court (ECF No. 12) by less than 30 days.

                                                            IT IS SO ORDERED:

                                                            Nancy J. Koppe
                                                           United States Magistrate Judge

                                                           Dated: __July 11, 2023_____

Dated:  July 10, 2023                                        MAYNARD NEXSEN LLP

                                                        */s/ Nicholas J. Boos*
                                       By:   NICHOLAS J. BOOS
                                                         Attorneys for Defendant
                                                          LIBERTY MUTUAL INSURANCE
                                                          COMPANY

Dated: July 10, 2023                                          BOYACK LAW GROUP

                                                        */s/ Daniel M. Dastrup*
                                       By:   Daniel M. Dastrup
                                                         Attorneys for Plaintiff
                                                         MICHAEL FRANCIS